IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Focused Systems, Inc., | ) |
| | )    C.A. No. 6:10-2899-HMH |
|         Plaintiff, | ) |
| | ) |
| vs. | )    **OPINION & ORDER** |
| | ) |
| Aerotek, Inc., | ) |
| | ) |
|         Defendant. | ) |

This matter is before the court on Focused Systems, Inc.'s ("Focused Systems") motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. After careful consideration of the motion and the record in this case, the court denies Focused Systems' motion.

A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted).

In its motion, Focused Systems reasserts the arguments raised in opposition to Aerotek, Inc.'s ("Aerotek") motion for summary judgment and presents no new facts or evidence that alter the court's original findings in the June 2, 2011 Order granting Aerotek's motion for summary

judgment. Focused Systems alleges that Aerotek tortiously interfered with its contract with two former employees, Stephen McComas and Daniel Burgess. "The elements of a cause of action for tortious interference with contract are: (1) existence of a valid contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages." Camp v. Springs Mortgage Corp., 426 S.E.2d 304, 305 (S.C. 1993).

In support of its motion, Focused Systems alleges that it has raised genuine issues of material fact regarding Aerotek's knowledge of the contract, intentional procurement of a breach of the contract, and the absence of justification. (Pl. Mem. Supp. Mot. Alter or Amend, generally.) As stated in this court's order, there is no evidence that Aerotek was aware of the existence of a valid contract. Focused Systems argues that Aerotek was aware of the existence of a contract because Chad Martin ("Martin") of Aerotek was informed by Sandra Cunningham ("Cunningham") of BMW that "some individuals were interested in transitioning from their existing staffing provider" and were identified as "W-2 employees with an existing staffing provider." (Pl. Mem. Opp'n Summ. J. 3 Ex. C (Cunningham Email) & Ex. F (Cunningham Email).) These facts fail to raise any genuine issue of material fact that Aerotek knew of the existence of a valid contract.

Further, even if Focused Systems could raise a genuine issue of material fact with respect to this element, it has failed to do so with respect to the intentional procurement of the breach and absence of justification elements for the reasons set forth in this court's June Order. Focused Systems raises a new argument in its motion that Cunningham acted as an agent for Aerotek and thus, Aerotek contacted the individuals. Focused Systems submits that by "allowing Sandra

Cunningham to contact Burgess and McComas on Defendant's behalf Defendant made Sandra Cunningham its agent for that purpose." (Pl. Mem. Supp. Mot. Alter Amend 3.)

As noted above, a Rule 59(e) motion may not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403. Further, there is no support for this argument. The evidence provides that on August 8, 2010, Cunningham, of BMW, contacted Martin, an Aerotek account executive, via email informing him that some individuals were "interested in transitioning from their existing staffing provider to an alternate company." (Def. Mem. Supp. Summ. J. Ex. 1 (Martin Aff. ¶ 4 & Ex. A).) Martin replied to the email the next day, indicating that he was willing to speak with the interested individuals about possibly working for Aerotek. (Id. Ex. 1 (Martin Aff. ¶ 5).) Cunningham responded that she would provide Martin's contact information to the individuals and they would "decide if they want[ed] to contact" him. (Id. Ex. 1 (Martin Aff. Ex. C).) "Agency implies the existence of a fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf." Fleming v. Asbill, 483 S.E.2d 751, 753 (S.C. 1997). "Agency may be implied or inferred and may be proved circumstantially by the conduct of the purported agent exhibiting a pretense of authority with the knowledge of the alleged principal." R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth., 540 S.E.2d 113, 118 (S.C. Ct. App. 2000) (noting that the existence of an agency relationship is a jury question only "[i]f there are any facts tending to prove an agency relationship"). There is no evidence of a fiduciary relationship between Martin and Cunningham. Cunningham stated in her August 9 email that Martin's "contact information will be provided to the individuals (and the individuals will decide

3

if they want to contact you, or not)." (Def. Mem. Supp. Summ. J. Exs. (Martin Aff. Ex. C (Cunningham Email).) Burgess and McComas both state in their first email contact with Martin that they had been provided his contact information and were interested in discussing potential employment. (Id. Exs. (Martin Aff. Ex. D (Burgess Email) & Ex. E (McComas Email)).) The only inference that can be drawn from the evidence is that Cunningham had spoken with interested individuals prior to contacting Aerotek about assisting them in locating a new staffing provider and that Cunningham, as a BMW employee, had no authority to bind Aerotek. Based on the foregoing, Focused Systems' Rule 59(e) motion is denied.

Aerotek requests attorneys' fees and costs for being required to defend the instant motion. However, the court is constrained to deny this request.

Therefore, it is

**ORDERED** that Focused Systems' Rule 59(e) motion to alter or amend judgment, docket number 36, is denied.

**IT IS SO ORDERED**.

> s/Henry M. Herlong, Jr.
> Senior United States District Judge

Greenville, South Carolina
July 18, 2011